JUSTICE TRIEWEILER
dissenting.
¶26 I dissent from the majority Opinion which, as I understand it, is based on the District Court’s failure to hold a hearing before granting Virginia City’s motion for summary judgment.
¶27 First, I would note as a practical matter that the District Court held two hearings at which all the arguments that could have been made at a summary judgment hearing were made. Second, and more importantly, the District Court’s failure to hold a hearing was not an issue that was even raised on appeal by the Defendants. Rule 23(2), M.R.App.P., requires that issues being presented for the Court’s consideration be set forth in the statement of issues. In their statement of issues presented for review, the Defendants’ brief set forth the following:
Issue 1. Did the District Court err by failing to enter Findings of Fact and Conclusions of Law with sufficient particularity to apprise the parties and this Court of the grounds for its grant of an injunction?
Issue 2. Did the District Court err in granting Summary Judgment for the plaintiff?
Issue 3. Did the District Court err in not entering Summary Judgment for Olsen and Mason?
¶28 The majority cites language in the last paragraph of the argument in support of Issue 1 as support for its consideration of the hearing issue. However, that language, at best an afterthought, has nothing to do with Issue 1 as it was framed and Defendants’ brief is full of random, unconnected arguments. There was no way to reasonably respond without limiting the response to the issues that were *534 identified. Furthermore, the Defendants were perfectly happy to have this Court enter summary judgment for them in spite of the fact that no hearing was held. Apparently, their theory was that they were entitled to judgment as a matter of law without the need for a hearing.
¶29 I would affirm the District Court on all issues raised on appeal. Rule 52(a), M.R.Civ.P., merely requires that a district court specify the grounds for summary judgment orders “with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling....” There is no question in my mind regarding the rationale for the District Court’s summary judgment order. Following a hearing and the presentation of evidence, the District Court stated in its September 15, 1999, Order, that the Defendants violated the setback and height requirements established by city ordinance and the window requirements on which the Defendants’ cite/zoning permit and development permit were conditioned.
¶30 Furthermore, the District Court noted that it had considered the Defendants’ affirmative defenses and at that time found generally for the City. That was easy, since the Defendants’ affirmative defenses of waiver, estoppel, latches and failure to exhaust administrative remedies had no basis in fact.
¶31 While it is true that the merits of a case should not be decided on the basis of a hearing to determine whether temporary injunctive relief should be granted, there was nothing wrong with the District Court incorporating its preliminary findings by reference after considering further deposition testimony, affidavits and arguments of the parties. That is all the District Court did in its summary judgment order dated October 20,2000. Apparently, the Defendants did not disagree that the case was ready for disposition by summary judgment at that point in time. The Defendants made their own motion for summary judgment based on the state of the record.
¶32 In its October 20, 2000, Order the Court stated:
The Court has considered the entire record including extracts from depositions and the evidence adduced at the order to show cause hearing held on September 9 and 14,1999. From the entire record the Court now makes what it determines to be relevant:
FINDINGS AND CONCLUSIONS
1. The Court hereby adopts by this reference its Findings and Order of September 15,1999.
3. The evidence already adduced establishes without question that the Defendants constructed a building in violation of the permit issued therefor and contemplated further construction in *535 violation of the issued permit and the known historic preservation policy. The violations are obvious and for the most part admitted.
¶33 The District Court’s judgment on the merits was correct. Virginia City is a community of great historical significance to all of Montana. In order to preserve its historical integrity, it has adopted Ordinance No. 503 which requires cite/zoning permits and development permits. Prior to issuance of the permits, an applicant must assure compliance with all relevant ordinances.
¶34 Virginia City’s ordinance establishes a minimum setback requirement of fifty feet from the center line of the adjoining street and twenty-five feet from the lot line. The Defendants’ property was thirty-one feet from the center line of the adjoining street as plotted and thirty-eight feet from the center line of the traveled way. It was only six feet from the lot line. Whether the distance is measured from the street passing by the front of the house or the side of the house, the Defendants’ construction was clearly in violation of the setback requirements established by the City’s ordinance.
¶35 The City’s ordinance also limits the height of new construction to twenty-five feet from the top of the foundation to the ridge line of the roof. The Defendant’s property was 27.8 feet high and violated both the ordinance and the permits which were issued to them.
¶36 As conditions to the permits which were issued, Defendants were required to build their house in a configuration and size consistent with a historical design of homes in Virginia City. They were also required to design and locate windows in an architecturally acceptable manner. They did not comply with any of these requirements. There are no questions of fact regarding their failure to comply.
¶37 Section 27-19-102, MCA, provides in relevant part that a final injunction may be granted to prevent the breach of an obligation existing in favor of the applicant where “(1) pecuniary compensation would not afford adequate relief;....”
¶38 The facts presented by this case are a classic example of a situation in which compensation would not afford adequate relief. The historical value of places like Virginia City is priceless. Once it is compromised, it cannot be restored. Defendants’ conduct is a classic example of people coming to a place because of its attractiveness and then destroying the qualities that brought them there for their own self-indulgence. After reviewing the record in this case, I agree with the observation of the attorney for Virginia City when he commented that:
The owners choose to purchase a lot and to build a house in a Historic Residential District in a town which is a jewel-a state *536 and national treasure. What they have constructed to date is a hulking, rectangular box which seriously violates numerous conditions of its permit and which looms over the narrow Virginia City valley as an incredible eyesore. Each of the violations is serious, and to combine defective violations is nothing short of egregious.
¶39 The Defendants’ construction violates Virginia City ordinances establishing setback and height requirements. It violates the permit pursuant to which it is being constructed by its design, its size, its shape, and fenestration requirements. No amount of litigation and expense will change these facts. Because of these facts, the construction jeopardizes the architectural and historical integrity of a priceless resource to the state of Montana and should be torn down without further delay or litigation.
¶40 I would affirm the judgment of the District Court and order that the Defendants do so.
¶41 For these reasons, I dissent from the majority Opinion.